Margaret E. REICHMANN, Appellant,

v.

STATE of Alaska, DEPARTMENT
OF NATURAL RESOURCES,
Appellee.

No. S–6664.

Supreme Court of Alaska.

May 31, 1996.

Robert John, Fairbanks, for Appellant.

Cameron M. Leonard, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J., pro tem.*

*OPINION*

RABINOWITZ, Justice.

## I. *INTRODUCTION*

Margaret Reichmann applied for a preference right to purchase a five-acre tract of land from the State. The Department of Natural Resources (DNR) denied her request. Reichmann now appeals that denial. She contends that the DNR's decision was based on an invalid regulation, violated her right to equal protection of the laws, and constituted an abuse of discretion.

## II. *FACTS AND PROCEEDINGS*

In 1957 Herman Reichmann placed a cabin on a tract of land on the north end of Summit

Lake. In November of that year, Vestaine Reichmann, Mr. Reichmann's first wife, filed with the United States Bureau of Land Management a small tract application for the land. Mr. Reichmann allegedly used the site as a residence and business headquarters between 1957 and 1961. In July of 1960 Vestaine's small tract application was returned because the land had not yet been classified for small tract disposal. From 1961 to the present the Reichmann family has used the land for recreational purposes.

Margaret Reichmann is Herman Reichmann's second wife; they met in 1974 and married in 1977. Mr. Reichmann died in 1990 and left his interest in the site to Margaret Reichmann. In July of 1992 Margaret Reichmann filed an application for preference rights to purchase the site pursuant to AS 38.05.035(b)(5). The application was denied on February 27, 1993. Margaret Reichmann then requested reconsideration, which was also denied. She appealed to the superior court, which affirmed the decision of the DNR. Margaret Reichmann now appeals from the superior court's decision.

## III. *DISCUSSION*

A. *Did the DNR Abuse Its Discretion by Failing to Grant a Preference Right to Margaret Reichmann?* [1]

Alaska Statute 38.05.035(b)(5) provides:

The director shall

> when the Director determines it is in the best interest of the state and will avoid injustice to a person or the heirs or devisees of a person, dispose of land, by direct negotiation to that person who presently uses and who used and made improvements to that land before January 3, 1959 or to the heirs or devisees of the person; the amount paid for the land shall be its fair market value on the date that the person first entered the land, as determined by the director; a parcel of land disposed of under this paragraph

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Since (b)(5) determinations are within the discretion of the Director of the DNR, this court reviews the decision " 'only to the extent neces-

sary to ascertain whether the decision has a reasonable basis,' and to ensure that it 'was not arbitrary, capricious, or prompted by corruption.' " *Trustees for Alaska v. State, DNR*, 795 P.2d 805, 809 (Alaska 1990) (citations omitted).

shall be of a size consistent with the person's prior use, but may not exceed five acres[.]

The four reasons that were given by the Director of the DNR for his denial of Margaret Reichmann's application for a preference right to purchase are as follows:

1. The site has not been used for residential or commercial purposes.

2. Mr. Reichmann did not obtain proper authorization before entering upon and improving the land, nor was he diligent in pursuing authorization.

3. The land is not available for disposal. The CRBAP identifies Summit Lake as a recreational lake, and state-owned land around these lakes are to be managed to retain primarily a natural character. Further, the site is within 200 feet of the shoreline and public ownership is to be retained in order to protect access and other public concerns.

4. No injustice will be caused the applicant by the denial of the preference right grant, as the land can be used for recreational purposes without ownership thereof, but without benefit of the cabin.

The Director concluded that it was not in the best interest of the state to grant a preference right to Margaret Reichmann under AS 38.05.035(b)(5). Margaret Reichmann challenges each of these reasons and the Director's overall best interest determination on one or more grounds.

Since we are of the view that the Director's third reason standing alone is dispositive of this appeal, we now address this decisional ground.

The DNR is required to formulate management plans governing the development and utilization of state lands. AS 38.04.065. The Summit Lake area is encompassed with-

in the Copper River Basin Area Plan (Plan). The area immediately surrounding Summit Lake falls within subunit 28A. The Plan identifies the Summit Lake area as a valuable recreational area, and recommends that Unit 28

> should be retained in public ownership and managed for multiple use with emphasis on public recreation and protection of salmon habitat.... All land uses around the lake and its anadromous tributaries should occur in a manner that ensures protection of these waters for recreation and fish.

Of considerable importance to the resolution of the merits of the Director's decision is the fact that the primary land use designations for Summit Lake are those of public recreation, water resources, and wildlife habitat, while land offerings and remote cabins are in turn designated prohibited surface uses.

These designations are in accordance with legislative policy which establishes that

> [s]pecial care shall be taken to preserve public access to public water and to retain state ownership of sufficient land which combine high value for recreation and other public purposes with accessibility to settled areas.

Alaska Statute 38.04.005(b).[2]

As noted previously, the Director decided that public ownership should be retained in the subject parcel to protect the public's access to Summit Lake and "other public concerns."[3] Nonetheless, Margaret Reichmann claims that her "recreational use ... is entirely consistent with the state's recreational designation." The State's reply is that "[p]rivate ownership of the shore of Summit Lake is not consistent or compatible with public recreation on and around the

---

**2.** *See also* 11 AAC 55.020(d), which provides in part:

> Land classified settlement, except tideland, submerged land, or shoreland, may be made available for sale, lease, or other disposal. Tideland, submerged land, or shoreland may be made available for lease or other less-than-fee disposal, and management rights in such land may be assigned to another state agency. However, the fee interest in tideland, sub-

merged land, or shoreland must ultimately be retained in state ownership....

**3.** *See also* AS 38.04.015 which identifies "[t]he primary public interests in retaining areas of state land surface in public ownership" to include protection of "critical wildlife habitat and areas of special scenic, recreational, scientific, or other environmental concern."

lake." In light of the statutory provisions, regulations, and portions of the Plan alluded to above, we agree with the State's position.

██ We therefore hold that the Director's discretionary decision to deny Margaret Reichmann a preference right to purchase the property in question has a reasonable basis in law and on the record, and is neither arbitrary nor capricious.[4] Consequently we affirm the Director's discretionary denial of a preference right to Margaret Reichmann for the reason advanced by the Director that the property in question is not available for disposal.[5]

B. *Does Disparate Treatment of Residential and Recreational Users in the Context of Granting (b)(5) Preference Rights Violate Equal Protection Guarantees?*[6]

██ Margaret Reichmann also makes the claim that a policy of distinguishing recreational users from residential users for purposes of granting (b)(5) privileges violates her "rights to equal treatment and opportunity under the law as guaranteed by the Fourteenth Amendment and by Article I, § 1 of the Alaska Constitution, in particular with respect to the use and disposal of natural resources as guaranteed by Article VIII, § 17 of the Alaska Constitution." Any claim not based specifically upon article VIII, section 17 clearly lacks merit since "recreational land users" is not a suspect classification for equal protection purposes, and treating this group differently when allocating public

lands cannot credibly be characterized as irrational.

The "uniform application" clause claim need detain us only slightly longer. Article VIII, section 17 provides:

Laws and regulations governing the use or disposal of natural resources shall apply equally to all persons similarly situated with reference to the subject matter and purpose to be served by the law or regulation.

Margaret Reichmann claims that the interpretation of this clause in *Gilbert v. State, Dep't of Fish and Game*, 803 P.2d 391, 398 (Alaska 1990), requires us to apply "heightened scrutiny ... in evaluating the government conduct at issue."

██ We agree with the superior court's rejection of this argument. As the superior court observed, this court has recently held that "[s]ince sport and commercial users are not similarly situated, the uniform application clause is not implicated [by distinctions drawn between them]." *Tongass Sport Fishing Ass'n v. State*, 866 P.2d 1314, 1318 (Alaska 1994). Similarly, residential and recreational users are not similarly situated for uniform application clause purposes, and the superior court was correct to conclude that "heightened scrutiny under art. VIII, § 17 does not apply." Since heightened scrutiny does not apply in this case, the distinction drawn between residential and recreational users passes constitutional muster.

---

**4.** Margaret Reichmann makes an argument that the land in question is "available for disposal" despite the fact that her use may be non-conforming. For this proposition she cites a prior (b)(5) determination by the DNR where another applicant was granted preference rights in a similarly designated area.

   The State argues that the prior (b)(5) determination was a mistake. Furthermore, it concedes that "DNR could legally revise the plan to allow a sale to Mrs. Reichmann," but states that "to do so would be contrary to the public interests established by the legislature." We agree with this contention and further note that we are not in a position to judge the merits of the state's decision

as to the state's award of a preference right of purchase in regard to the other parcel.

**5.** Implicit in this holding is our conclusion that the Director did not err in concluding that it was not in the best interests of the state to grant a preference right to Margaret Reichmann.

   Our holding makes it unnecessary to address the remaining three grounds articulated by the Director for denying Margaret Reichmann's request for a preference right.

**6.** Whether DNR's practices and policies are consistent with the Alaska and Federal Constitutions is a question of law which this court reviews *de novo*. *Alaska Fish Spotters Ass'n v. State*, 838 P.2d 798, 800 (Alaska 1992).

C. *Is the Residential/Recreational Use Distinction in the DNR's PPM an Invalid Regulation under the AAPA?*[7]

One of Margaret Reichmann's central contentions is that certain criteria listed in Section 539–3503 of the DNR Procedures Manual (PPM) are "regulations" for purposes of the Alaska Administrative Procedures Act (AAPA), AS 44.62.010 et seq., and, accordingly, are not valid without proper promulgation. The only criterion that appears to be relevant to the disposition of her claim is listed in the PPM as one "that should be considered in making the best interest determination for a discretionary preference right grant." It is phrased thus: "b. Is the applicant's use non-recreational?" It appears from the record that the Director relied, in some measure, on this criterion in rejecting Margaret Reichmann's application.[8]

■ Under the AAPA, the term " 'regulation' encompasses many statements made by administrative agencies, including policies and guides to enforcement." *Kenai Peninsula Fisherman's Coop. Ass'n, Inc. v. State*, 628 P.2d 897, 905 (Alaska 1981). "Indicia for identifying a 'regulation' include (1) whether the practice implements, interprets or makes specific the law enforced or administered by the state agency, and (2) whether the practice 'affects the public or is used in dealing with the public.' " *Gilbert*, 803 P.2d at 396 (quoting *Kenai*, 628 P.2d at 905).

■ The residential/recreational distinction in the PPM is intended to provide guidance with respect to Department decisions concerning whether or not to grant (b)(5) preference rights in a given case. As such, it touches on implementation, interpretation, and specification of AS 38.05.035(b)(5), which grants the Director of the DNR the authority to dispense these rights on a case-by-case basis. The State claims that this criterion "does not purport to interpret the law, such as by defining key terms." Even if this is true,[9] the cases do not require that a policy

undertake to specifically define key terms before it will be considered a regulation.

Additionally, the residential/recreational distinction clearly does affect the public. It affects every potential applicant for (b)(5) preference rights, including Margaret Reichmann, all of whom are members of the public.

Since the residential/recreational distinction policy appears to bear both of the *Kenai* indicia, and since the term "regulation" has been read to include "policies and guides to enforcement," we conclude that this part of the PPM is a "regulation".

The superior court avoided this result by holding that "because these criteria are merely recommended and do not establish mandatory rules or standards, they are not regulations under the AAPA." This conclusion is echoed in the State's brief. It is an argument, however, that has already been rejected by this court in *Gilbert*, where a general policy that the Board of Fisheries did not follow "in the sense that it [felt] bound to do so," was nonetheless held to "fall[ ] squarely within the definition of a 'regulation'...." *Gilbert*, 803 P.2d at 396–97. In short, we hold that the residential/recreational distinction in the PPM is a regulation and should have been promulgated under the AAPA.

■ However, in our view the invalidity of the PPM is immaterial to the proper resolution of this appeal. The fact that the Director listed three other reasons for denying the application is clear indication that DNR did not consider Margaret Reichmann's recreational use to be dispositive. As discussed earlier, the PPM itself lists the residential/recreational distinction only as a factor "that should be considered." Thus it does not appear to us that DNR considered this factor in a manner that is

---

7. This is ultimately a question of statutory interpretation which this court reviews *de novo*. *In the Matter of T.W.R.*, 887 P.2d 941, 944 (Alaska 1994).

8. As noted above, the first of the four reasons that were listed in the decision denying Margaret Reichmann's application was: "The site has not

been used for residential or commercial purposes."

9. An argument can be made that the central purpose of Section 539–3503 is to define the term "best interest" in AS 38.05.035(b)(5).

substantially different from the way it would have considered it absent the PPM.

## IV. CONCLUSION

The residential/recreational distinction drawn in the DNR's PPM is a regulation for AAPA purposes and is therefore invalid absent proper promulgation. However, since it is highly likely that the same result would have been reached absent this regulation, and since the result is completely compatible with the valid part of the statutory and regulatory scheme, the invalidity of the regulation does not require vacation of the Director's determination in this case. The Director did not abuse his discretion in deciding that it was not in the state's best interest to grant Margaret Reichmann a preference right. The Director's decision has a reasonable basis in the record and is neither arbitrary nor capricious. Further, the decision did not violate Margaret Reichmann's equal protection rights.

The superior court's affirmance of the Director's denial of Margaret Reichmann's application for preference right is AFFIRMED.